UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| WILLIAM PETREY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.: 2:16-cv-00072-GFVT-REW |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| DON BOTTOM, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the court on the Petition for Writ of Habeas Corpus filed by William Petrey. [R. 1.] This matter was referred to United States Magistrate Judge Robert Wier, who filed a Recommended Disposition (also known as a "Report and Recommendation" or "R&R") recommending that Defendants' Motion for Summary Judgment be granted. [R. 16.] Petrey objected to the Recommended Disposition. [R. 17.] For the following reasons, his objections [R. 17] are **OVERRULED** and the Magistrate Judge's Recommended Disposition is **ADOPTED** as and for the opinion of this Court. [R. 16.]

**I**

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his right to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not

permitted since it only duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting the report and recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Mr. Petrey fails to raise specific objections to the Recommended Disposition. Rather than filing specific objections pointing to issues with the Magistrate's R&R, Mr. Petrey submitted a two sentence objection which, liberally construed, stated that Judge Wier ignored that the Commonwealth's case against him was "created by false and misleading lies made up by" Officer Recardo Smith, Commonwealth Attorney Robert Sanders, Assistant Commonwealth Attorney Stephanie Kastern-Durstock, and Kenton County District Judge Gregory Bartlett, and also that Judge Wier ignored new evidence presented in habeas petition. [R. 17 at 1.] Petrey does not state what lies were made or ignored by Judge Wier and he does not identify in any way what type of new evidence was submitted in his habeas petition. [R. 17 at 1.] Judge Wier used a considerable amount of space in his 39-page Recommended Disposition addressing each of Petrey's original arguments in his petition. [*See* R. 16.] These objections are not sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c).

When no objections are made to specific findings in the Magistrate's report, this Court is not required to scrutinize those "factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, because Petrey fails to identify any

specific objection to the Magistrate's recommendations, this Court is not required to reconsider the Magistrate's analysis. Nevertheless, the Court has carefully examined the record and the relevant case law, and it agrees with the Magistrate's recommended disposition.

**II**

In addition to submitting the aforementioned objections, Petrey also filed several additional motions, a Motion to Dismiss [R. 26], a Motion to Submit Additional Evidence [R. 28], and a Motion to the Court to Accept Petrey's Deposition [R. 35], which this Court roughly construe as requests to amend his habeas petition. Each of these motions, however, was filed many months after the Magistrate issued his Recommended Disposition. This Circuit has consistently held that, "absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 (6th Cir. 2000); see also United States v. Clark, 2011 WL 3739034, at *3-4 (E.D. Ky. Aug. 23, 2011) (noting that petitioner did not file motion to amend "until after an adverse recommendation from the magistrate judge" and finding "no reason... to allow [petitioner] to circumvent [the Murr rule] by simply framing her new arguments as an 'amendment.'"); Clark v. United States, 764 F.3d 653, 656-57 (6th Cir. 2014) (observing that petitioner filed motion to amend after R & R and noting "a post-conviction petitioner generally may not raise new claims or arguments in response to a magistrate judge's recommendation.").

Here, the court finds no compelling reason to permit Petrey to raise additional arguments after the Magistrate issued his report. He identifies no compelling reasons in his motions, but only reiterates the same facts from his complaint throughout these various filings. [*See* R. 28.] Further, the Magistrate had a record to base his recommendation on and did not request a deposition of Mr. Petrey, likely as Petrey's numerous filings have served to define the contours

of his claims. Accordingly, Petrey's Motion to Dismiss [R. 26], Motion to Submit Additional Evidence [R. 28], and Motion to the Court to Accept Petrey's Deposition [R. 35], construed as motions to amend or supplement his habeas petition, are **DENIED**.

### III

After reviewing the record, as well as the relevant case law and statutory authority, the Court agrees with Judge Wier's thorough analysis of Mr. Petrey's claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Wier's Recommended Disposition [R. 16] is **ADOPTED** as and for the Opinion of this Court;

2. Mr. Petrey's Motion to Dismiss [R. 26] and Motion to Submit Additional Evidence [R. 28] are **DENIED**;

3. Mr. Petrey's Motion to Compel the Court to Rule [R. 30] is **DENIED AS MOOT**;

4. Mr. Petrey's Motion for Copies of Previously Filed Answer [R. 33] is **DENIED AS MOOT**;

5. Mr. Petrey's Motion to the Court to Accept Petitioner's Deposition [R. 35] is **DENIED AS MOOT**; and

6. **JUDGMENT** in favor of the Defendants will be entered contemporaneously herewith.

This the 3rd day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge